CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

**LETTER OPINION & ORDER**

**VIA CM/ECF**
All counsel of record

Re: *Kaia Hawkins v. Six Flags Great Adventure, LLC*
Civil Action No. 16-9389 (MAS) (LHG)

Dear Counsel:

This matter comes before the Court on Defendant Six Flags Great Adventure, LLC's ("Defendant") motion to dismiss the second amended complaint, in part, of Plaintiff Kaia Hawkins ("Plaintiff"). (ECF No. 9.) Plaintiff filed opposition (ECF No. 10) and Defendant filed a reply (ECF No. 12).

In its partial motion to dismiss, Defendant asserts that the second amended complaint "appears to advance a negligence claim based on *res ipsa loquitur*" and argues that the Court should dismiss Count II because Plaintiff "failed to aver sufficient facts to establish the elements necessary for a *res ipsa loquitur* application." (Def.'s Moving Br. 10,[1] 15 ECF No. 9-3.) In addition, Defendant moves to "strike all averments of recklessness and allegations sounding in punitive damages." (*Id.* at 16.) According to Defendant, the second amended complaint "does not specifically state that punitive damages are being claimed. However, it is full of general allegations using terms and legal conclusions that are only seen when a claim for punitive damages is being asserted." (*Id.*)

Plaintiff argues that she "is not advancing a *res ipsa loquitur* cause of action, but instead, is alleging negligence." (Pl.'s Opp'n Br. 7, ECF No. 10-6.) According to Plaintiff, "[t]he cause of action is merely based on Defendant's negligence. The doctrine of *res ipsa loquitur* is not mentioned in the complaint, nor . . . implied through the complaint's language." (*Id.* at 6.) With respect to Defendant's request to strike all averments of recklessness and allegations sounding in punitive damages, Plaintiff argues that: (1) "Defendant correctly cites that a plaintiff must specifically request punitive damages in a complaint"; (2) Defendant admits that Plaintiff did not specifically request punitive damages; and (3) if discovery reveals facts which reflect that punitive damages are warranted, she will file a motion to amend. (*Id.* at 7-8.)

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[1] The Court references the page numbers contained in Defendant's brief, which starts at page number 9.

544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Federal Rule of Civil Procedure 12(f)[2] provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[M]otions to strike are usually viewed with disfavor and will generally be denied unless the allegations have **no possible relation** to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) (internal quotations omitted) (emphasis added).

Here, the Court finds that Plaintiff's second amended complaint satisfies Rule 8(a)'s pleading requirements. Next, the Court is not inclined to affirmatively dismiss a claim that Plaintiff's second amended complaint did not plead—specifically, Plaintiff's alleged *res ipsa loquitur* claim. If Plaintiff attempts to raise the *res ipsa loquitur* doctrine during this litigation, Defendant may file an appropriate motion at that time. Finally, the Court denies Defendant's motion to strike all averments of recklessness and allegations sounding in punitive damages. Because Plaintiff's second amended complaint does not seek punitive damages, Defendant's motion to dismiss pursuant to Rule 12(b)(6) is premature. In addition, the Court is not persuaded that any of the allegations of the second amended complaint are clearly insufficient, redundant, immaterial, impertinent, or scandalous. Defendant, accordingly, has not demonstrated an entitlement to relief pursuant to Rule 12(f). Should Plaintiff file a motion to amend her complaint to seek punitive damages, Defendant may advance its arguments in opposition to Plaintiff's motion.

Based on the foregoing, and for other good cause shown,

**IT IS** on this 12th day of January 2018 **ORDERED** that Defendant's motion to dismiss (ECF No. 9) is denied without prejudice.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[2] Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court, nonetheless, also considers Defendant's motion pursuant to Rule 12(f).

2